FILED
US DISTRICT COURT
DISTRICT OF NEBRASKA

JUL 11 2016

OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA | : | Criminal Case No. 8:15CR313 |
| | : | |
| v. | : | ORDER TO PRODUCE |
| | : | REPRESENTATIVE SAMPLE |
| CHRISTOPHER BASKIN | : | FOR RETESTING BY DEFENSE |

UPON THE DEFENDANT'S MOTION for an order that requires the

Government to produce, for qualitative retesting and quantitative retesting by a defense

expert, a representative sample from the controlled substance exhibits the Government

intends to introduce in its case-in-chief,

AND UPON THIS COURT'S CONSIDERATION of the arguments and

pleadings filed,

IT IS HEREBY ORDERED AND DECREED, in accordance with Fed. R. Crim.

P. 16(a)(1)(E), that the Government shall extract samples from LIMS numbers 2015-

SFL5-00530 and 2015-SFL5-00480 exhibit numbers 8 and 9 sufficient in its discretion to

perform the qualitative and quantitative analyses; and

IT IS FURTHER ORDERED that the Government shall deliver, in a manner it

deems consistent with the type and quantity of controlled substance at issue, and

considering the expert's proximity to the originating Drug Enforcement Administration

(DEA) laboratory, a representative sample of the exhibits identified above to the defense

expert, who has been specifically identified as Amanda Andrews at the laboratory that

has been specifically identified as NMS Labs, which is physically located at 2300

Stratford Avenue. Willow Grove, PA, 19090 and with a mailing address of 2300

Stratford Avenue. Willow Grove, PA, 19090. The expert shall possess and present in

advance, as a prerequisite to the delivery of the exhibits, a current and valid DEA registration (RN-0370306) sufficient to perform the qualitative and quantitative analyses of the schedule of controlled substance at issue, in accord and in full compliance with the applicable DEA registration procedures, found at 21 C.F.R. § 1301.11 *et seq.*; and

IT IS FURTHER ORDERED that, upon delivery of the exhibits to the defense expert, the expert shall sign and return by Registered Mail, Return Receipt Requested, all accompanying forms (including Form DEA-12, "Receipt For Cash Or Other Items") indicating receipt of the sample. The defense expert shall conduct the identification and quantitative analysis (calculated as the hydrochloride salt form) ordered herein, and shall provide the Government with a Declaration Under Penalty of Perjury pursuant to 28 U.S.C. § 1746. The Declaration will state the quantity of each exhibit consumed during analysis (if any) as well as the weight of each exhibit both received from and returned to the Government. The Declaration shall be delivered to the Government immediately upon completion of the analyses ordered herein; and

IT IS FURTHER ORDERED that, in accordance with Fed. R. Crim. P. 16(b)(1)(B), the defendant shall provide the Government with a copy of the results or reports of the analyses under this Order; and

IT IS FURTHER ORDERED that:

(1) The defense agrees that any reweighing of the exhibit(s) will be conducted first and separately from any retesting involving qualitative and/or quantitative analyses of the laboratory exhibit(s), if such a separate order is entered;

(2) The defense shall coordinate with the Government a convenient date and time

for the analyses ordered herein, which date shall be within thirty (30) days of

the date of this Order;

(3) The defense expert's analyses may be observed by a Government law

enforcement officer;

(4) The defense expert is responsible for safeguarding the exhibit(s)/sample(s),

preserving the chain of custody in a manner to faithfully protect its integrity;

(5) The defense expert is responsible for repackaging each internal sample/exhibit

package into a heat-sealed evidentiary envelope, which heat-sealed container

shall be placed into a separate heat-sealed envelope, which shall be secured in

such a manner that tampering will be readily observable;

(6) Upon completion of any other reanalysis, the defense expert shall return any

residual substance and its original packaging to the law enforcement officer

or, where applicable, to the originating DEA laboratory by secure method, not

to include regular mail.  The method can be secured delivery services (i.e.,

barcode tracking systems) offered by the United States Postal Service (such as

registered mail) or by a commercial carrier;

(7) All reanalysis must be completed within twenty-eight (28) calendar days from

the date of receipt of the sample(s)/exhibit(s).  Return of any residual

substance and its original packaging must occur within five (5) calendar days

following completion of the reanalysis.

(8) Any failure to follow the aforementioned procedures will render the reanalysis results scientifically unreliable, as those terms are used in the Federal Rules of Evidence or its state equivalent;

(9) Any failure by the defense to maintain the proper chain of custody will not render, Exhibit Numbers 8 and 9 inadmissible for this reason.

SO ORDERED THIS __11__ day of ____July____, 2016

F.A. Gossett, III
United States Magistrate Judge