# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>CHRISTOPHER BASKIN,<br><br>     Defendant. | 8:15CR313<br><br>MEMORANDUM AND ORDER |

This matter is before the court for initial review of the Defendant Christopher Baskin's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 Motion), filed at ECF No. 119. Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of the Defendant's § 2255 Motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

On January 27, 2017, the Defendant entered a plea of guilty to Count I of the Indictment (Conspiracy to Distribute or Possess with Intent to Distribute 50 Grams or More of Methamphetamine, in violation of 21 U.S.C. § 846). He was sentenced on April 24, 2017, to 120 months incarceration and five years of supervised release. The sentence was consistent with the Defendant's plea agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). Judgment was entered on May 5, 2017, and he

did not appeal.[1]  Accordingly, Judgment was final at the close of the day on Friday, May 19, 2017.  See Federal Rule of Appellate Procedure 4(b)(1)(A).   His § 2255 Motion was dated and postmarked July 3, 2018, and received by the Court and filed on July 5, 2018.

## DISCUSSION

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

The Defendant argues that he was denied the counsel of his choice, that his court-appointed counsel was ineffective, and that his plea was involuntary or unlawfully

---

[1] The Defendant waived his right of appeal in his plea agreement, with limited exceptions.  ECF No. 102, Page ID 421-422.  The Defendant did appeal the consecutive sentence in a companion case, *United States v. Baskin*, 8:15cr204 (D. Neb. 2015), which occurred simultaneously with the sentencing in this case, and the U.S. Court of Appeals for the Eighth Circuit affirmed both sentences.  See *United States v. Baskin*, 878 F.3d 1106 (8th Cir. 2018).

induced. He presents no facts or argument regarding the timeliness of his Motion, or why it should not be barred by 28 U.S.C. § 2255(f)(1). The Court concludes that the Motion is untimely, and it will be summarily denied.

Accordingly,

IT IS ORDERED:

1. The Court has completed its initial review of the Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (§ 2255 motion), ECF No. 119;

2. The claims raised in the Defendant's § 2255 motion are summarily denied;

3. A separate Judgment will be entered; and

3. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 11th day of July, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge