IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:15CR313 |
| v. | |
| CHRISTOPHER BASKIN, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on defendant Christopher Baskin's ("Baskin") Motion for Compassionate Release (Filing No. 136) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Baskin argues that release is appropriate because he is particularly susceptible to severe illness should he contract COVID-19. The United States Probation and Pretrial Services for the District of Nebraska (the "Probation Office") has informed the Court that Baskin has been fully vaccinated against COVID-19 (Filing No. 141). For the reasons stated below, Baskin's motion is denied.

I. BACKGROUND

In 2015, a jury convicted Baskin of witness tampering. *See United States v. Baskin*, Case No. 8:15CR204, Filing Nos. 17, 51, 58. On January 27, 2017, Baskin pleaded guilty to conspiracy to distribute 50 grams or more of actual methamphetamine, pursuant to an 11(c)(1)(C) plea agreement agreeing to a 120-month sentence (Filing No. 108). Baskin's criminal history category was VI based on eight felony convictions, including past convictions for drug trafficking and use of a weapon to commit a felony. On April 24, 2017, and, after a consolidated sentencing hearing, the Court sentenced Baskin to 120 months incarceration with five years of supervised release on the conspiracy charges, and a consecutive 48 months incarceration for witness tampering (Filing No. 111; *see also Baskin*, Case No. 8:15CR204, Filing No. 95). The Eighth Circuit affirmed the sentence on

appeal. *See United States v. Baskin*, 878 F.3d 1106 (8th Cir. 2018). Baskin's projected release date is February 13, 2027 (Filing No. 141).

Baskin alleges that he suffers from constant issues related to acid reflux. He also submitted evidence that he suffers from pulmonary nodules on his chest and lungs and suffers from shortness of breath and chest pain as a result. Baskin also suffers from hypertension, occult blood in his stool, and an enlarged prostate. Baskin alleges that as a result of his medical conditions, he is at a greater risk of several illness should he contract COVID-19. According to BOP Medical Records Mr. Baskin has never tested positive for COVID-19. He obtained his first dose of the Moderna COVID-19 vaccine on April 22, 2021, and received his second dose on May 17, 2021.

II. DISCUSSION

As amended by the First Step Act, § 3582(c)(1)(A)(i) permits Baskin to move for a sentence reduction after he "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of [his] facility, whichever is earlier." On October 9, 2020, Baskin submitted a request for compassionate release to the warden of USP Leavenworth (Filing No. 136). On November 5, 2020, Baskin received a denial letter from Warden D. Hudson (Filing No. 146-1). Thirty days have lapsed since his submission of a request. Accordingly, the Court turns to whether Baskin has demonstrated extraordinary and compelling reasons to release him under the circumstances of this case.

In deciding whether to grant a reduction, the Court must consider the relevant factors set out in 18 U.S.C. § 3553(a), including the nature and circumstances of the offenses of conviction; the defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the crime, to promote respect for the law, and to provide just punishment for the offense. A defendant's sentence should also deter criminal conduct, protect the public from future crime by the defendant, and promote rehabilitation. *Id*.

The Court also considers whether the defendant presents "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," U.S.S.G. § 1B1.13(2), and must ensure any relief is "consistent with applicable policy statements issued by the [United States] Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A). The first application note to § 1B1.13[1] lists four general categories of qualifying circumstances: (1) the defendant's terminal illness or other serious medical condition; (2) the defendant's advanced age and deteriorating health; (3) dire family circumstances; and (4) other "extraordinary and compelling" reasons as determined by the BOP Director. U.S.S.G. § 1B1.13 cmt. n.1. The defendant's rehabilitation may be relevant but "is not, by itself, an extraordinary and compelling reason for purposes of [§ 1B1.13]." *Id.* § 1B1.13 cmt. n.3; *see also United States v. Saldana*, No. 19-7057, 2020 WL 1486892, at *3 (10th Cir. Mar. 26, 2020); 28 U.S.C. § 994(t) ("Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.").

Having carefully reviewed the record in this case with these factors in mind, the Court finds Baskin has not presented extraordinary or compelling reasons for release. Even if Baskin's various medical conditions were sufficiently severe to place him at greater risk, the Court is satisfied that his vaccination mitigates that risk. According the Centers for Disease Control and Prevention ("CDC"), the Moderna vaccine has a 94.1% efficacy rate.[2] The CDC reported that "COVID-19 vaccines are effective at preventing infection, serious illness, and death" and also protect against "disease caused by Delta and other variants circulating in the U.S."[3] Although some vaccine breakthrough infections can occur,

---

[1]This policy statement predates the First Step Act, so it does not control the analysis here. *See United States v. Jenkins*, No. 4:15-CR-3079, 2020 WL 2814437, at *3 (D. Neb. May 26, 2020). The Court still finds it instructive in evaluating Baskin's motion. *See id.*

[2]*Information About the Moderna COVID-19 Vaccine*, Centers for Disease Control and Prevention (updated Oct. 15, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html.

[3]*COVID-19, The Possibility of Breakthrough Infections After Vaccination*, Centers for Disease Control and Prevention (updated September 7, 2021), https://www.cdc.gov

"[s]tudies so far show that vaccinated people are 8 times less likely to be infected and 25 times less likely to experience hospitalization or death."[4] Though studies on the effectiveness of the COVID-19 vaccines are ongoing, many courts at this point have held that the vaccines mitigate the risks of COVID-19 for purposes of compassionate release motions.[5]

The Court has reviewed the record and acknowledges that Baskin has presented evidence of several potentially serious medical conditions. However, Baskin's medical records also show he is receiving regular care. Moreover, because Baskin has been fully vaccinated, his risk is significantly lower than it would have been. The relatively small risk that he could be infected and develop serious complications is too tenuous to warrant release. As of the date of this Memorandum and Order, Baskin's facility has one inmate case of COVID-19 out of 1,354 inmates. Based on the current evidence before the Court and the available scientific evidence of the effectiveness of the Moderna vaccine, Baskin has not shown extraordinary or compelling reasons for compassionate release.

---

/coronavirus/2019ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html (last visited Oct. 20, 2021).

[4]*Id*.

[5]*See, e.g.,United States, v. Kirk*, No. CR 19-213 ADM/HB, 2021 WL 4690862, at *3 (D. Minn. Oct. 7, 2021) ("Any risk of Kirk becoming infected and seriously ill from COVID-19 has been substantially reduced because he is now fully vaccinated."); *United States v. Zirkelbach*, No. 13-CR-1001-CJW-MAR, 2021 WL 3609299, at *5 (N.D. Iowa Aug. 11, 2021) ("[B]ecause the information currently available to the Court shows that vaccination significantly diminishes the risk COVID-19 poses, even to those who are more vulnerable absent the vaccine, the Court gives minimal weight to the threat COVID-19 poses to defendant after becoming fully vaccinated."); *United States v. Peel*, No. 14-cr-00192 KJM CKD, 2021 WL 2875658, at *3 (E.D. Cal. July 8, 2021) (denying relief to elderly inmate suffering from hypertension, chronic obstructive pulmonary disease, benign hypertrophy of prostate, chronic viral hepatitis C, and malignant neoplasm of prostate, because he received vaccine); *United States v. Singh*, No. 4:15-CR-00028-11, 2021 WL 928740, at *3 (M.D. Pa. Mar. 11, 2021) (denying release for inmate with obesity and Type II diabetes because inmate received both doses of the Moderna vaccine).

Additionally, even if Baskin's medical conditions were extraordinary and compelling under the circumstances, the Court would deny his motion based on the § 3553(a) factors. Baskin's criminal history includes several felony convictions and he is serving consecutive sentences for serious offenses. Baskin's release under the circumstances may undermine the need to provide for just punishment and the need to provide for deterrence. The Court concludes that the relevant § 3553(a) factors and surrounding circumstances weigh against release.

Accordingly, Baskin's Motion for Compassionate Release (Filing No. 136) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is denied.

IT IS SO ORDERED.

Dated this 19th day of October 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge